Fredrick WILHELM, Jr., and Robert Hammermeister, Plaintiffs-Appellants,

v.

ASSOCIATED CONTAINER TRANSPORTATION (AUSTRALIA) LTD., and Taylor Machine Works, Inc., Defendants-Appellees.

No. 79–4498.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1981.

Decided May 20, 1981.

Newton R. Brown, Wilmington, Cal., for plaintiffs-appellants.

Judith B. Hine, Theodore A. Le Gros, Seattle, Wash., on brief; David F. Hiscock, Keller, Rohrback, Waldo & Hiscock (on brief), James F. Whitehead, III, Le Gros, Buchanan, Paul & Madden, P. S., Seattle, Wash., argued, for defendants-appellees.

Before WRIGHT and ANDERSON, Circuit Judges, and TAYLOR,* District Judge.

TAYLOR, District Judge.

Longshoremen Wilhelm and Hammermeister appeal from the dismissal of their product liability claim against the vessel owner Associated Container Transportation (Australia), Ltd., (Associated), and from the denial of their motion for new trial. The district court concluded the product liability claim against Associated was proscribed by 33 U.S.C. § 905 and found that the jury verdict in favor of Associated and Taylor Machine Works was not against the clear weight of the evidence and did not work any miscarriage of justice. We affirm.

 The Longshoremen's and Harbor Workers' Compensation Act, as amended in 1972,[1] provides in pertinent part:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party .... The remedy provided in this subsection shall be exclusive of all other remedies against the vessel.

33 U.S.C. § 905(b).

As this Court stated in *Santos v. Scindia Steam Navigation Co.*, 598 F.2d 480 (9th Cir. 1979), *aff'd. sub nom. Scindia Steam Navigation Co. v. Santos*, —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981),

> [Under the 1972 amendments,] the abolition of the seaworthiness action left [the shipowner] liable *only when an injured longshoreman could prove it negligent.* [emphasis added]

598 F.2d 483.

The trial court's dismissal of the strict product liability claim against Associated was correct. In view of the foregoing, we need not reach the question whether appellants waived such claim by withdrawing their proposed jury instructions in regard thereto.

*Appellants also challenge the trial court's denial of their motion for new trial. The rule in this Circuit is that a trial court may set aside a verdict where the same is rendered contrary to the clear weight of the evidence or to prevent, in the sound discretion of the trial judge, a miscarriage of justice. *Peacock v. Board of Regents, etc.*, 597 F.2d 163 (9th Cir. 1979). Contrary to the position taken by appellants, a trial court, in assessing whether to grant a new trial, does not properly do so merely because it might have come to a different result from that reached by the jury. *Rios v. Empresas Lineas Maritimas Argentinas*, 575 F.2d 986 (1st Cir. 1978). We find no error in the trial court's denial of the motion for new trial.

Affirmed.

---

* For the District of Idaho, sitting by designation.

1. Pub.L. 92–576, 86 Stat. 1251, amending 33 U.S.C. § 901–950.