**Michael SALVATO, Plaintiff,**

v.

**HAKKO MARITIME CORPORATION, et al., Defendant.**

No. C–88–5052 JPV.

United States District Court, N.D. California.

Feb. 28, 1989.

Harvey Hereford, San Francisco, Cal., for plaintiff.

Peter A. Lindh, Ann S. Crownover, Walsh, Donovan, Lindh & Keech, San Francisco, Cal., for defendant.

## ORDER GRANTING DEFENDANT HAKKO MARITIME CORPORATION'S MOTION FOR SUMMARY JUDGMENT

VUKASIN, District Judge.

Defendant Hakko Maritime Corporation's (hereinafter "Hakko") Motion for Summary Judgment is hereby GRANTED.

### BACKGROUND

Plaintiff Michael Salvato (hereinafter "Salvato") was working as a longshoreman clerk-supervisor on the M/V EMERALD HIGHWAY, a car carrier operated by Hakko, when he tripped on a "lashing padeye" which was affixed to the deck of the vessel. The padeyes are used to tied down the cars while in ocean transit. Salvato alleges that, as a result of the fall, he had to have back surgery.

Salvato's injury occurred while the stevedoring operation was under way. According to his deposition testimony, Salvato was working on a deck which had protruding padeyes. (Salvato depo., 39:15–40:2). Salvato was moving about the deck, checking for damage to the cars as they were being unloaded. (Salvato depo., 18:11–19:12). Salvato further testified that he was watching one car in particular because he suspected that it might be damaged. (Salvato depo., 56:4–10, 62:19–25). Although the ship was a "beehive" of activity as the stevedore crew attempted to unload the vessel on a rushed schedule (Salvato depo., 25:6–20, 50:18–25), the car Salvato was observing was the only one in motion at the time Salvato was injured. (Salvato depo., 57:21–58:4).

Salvato alleges claims for relief for common law negligence and Section 5(b) of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. These claims are premised on three theories of negligence. First, the existence on the vessel's work-deck of hundreds of protruding padeyes. Second, the failure of Hakko to paint the padeyes a distinguishing color. And third, the negligent overmanning of car drivers to meet a departure deadline.

### DISCUSSION

Summary judgment should be granted where it is shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### A. SALVATO'S EXCLUSIVE REMEDY IS UNDER THE LHWCA

Although Salvato's complaint states a claim for ordinary negligence, his only remedy against a vessel owner for negligence is under the LHWCA, 33 U.S.C. § 905(b). Section 905(b) provides in pertinent part:

> In the event of an injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel.... The remedy provided in this subsection *shall be exclusive* of all other remedies against the vessel except remedies available under this chapter. (Emphasis added).

Hakko is an operator of a vessel, and as such, is within the definition of a vessel. 33 U.S.C. § 902(21). Accordingly, the LHWCA provides the exclusive remedy for Salvato. *See South Chicago Coal & Dock Co. v. Bassett*, 309 U.S. 251, 60 S.Ct. 544, 547, 84 L.Ed. 732 (1940); *Seide v. Bethlehem Steel Corp.*, 169 Cal.App.3d 985, 215 Cal.Rptr. 629, 632 (1985).

### B. SALVATO'S FEDERAL MARITIME CLAIM UNDER THE LHWCA

#### 1. Hakko is Not Liable for Design Defects of the Vessel

A claim for negligent design is another way of alleging that the ship was not seaworthy at the time of the accident. *Bilderbeck v. World Wide Shipping Agency,*

776 F.2d 817, 818 (9th Cir.1985); *accord, Mitchell v. Sea–Land Services, Inc.,* 1987 A.M.C. 1698, 1701–02, 1987 WL 16284 (D.Md.1987) (alleged design defect in lashing gear held to be mere claim for unseaworthiness). The liability of a vessel for unseaworthiness was specifically eliminated in 1972 when Congress amended the LHWCA. *Scindia Steam Navigation Co., Ltd. v. De Los Santos,* 451 U.S. 156, 101 S.Ct. 1614, 1621, 68 L.Ed.2d 1 (1981). Furthermore, it is well established in the Ninth Circuit that a longshoreman may not bring a products liability claim against the vessel. *Wilhelm v. Associated Container Transp. (Australia) Ltd.,* 648 F.2d 1197, 1198 (9th Cir.1981).

It is undisputed that the padeyes were installed by Mitsubishi Industries, Hakko had no involvement in the design of the ship or the padeyes, and Hakko did not alter or modify the design of the padeyes after delivery of the ship. (See Eritate Decl.). Hakko cannot be liable for this alleged design defect. Similarly, Salvato's allegation that the color of the padeyes lacked the safety feature of a contrasting color is a design defect that Hakko cannot be held liable for. *See Venturelli v. Cincinnati, Inc.,* 850 F.2d 825, 827 (1st Cir. 1988) (different color is a safety device); *Martell v. Boardwalk Enterprises, Inc.,* 748 F.2d 740, 747 (2d Cir.1984) (lack of visibility due to color and size of product is a design defect).

2. Hakko Has Satisfied the Limited Duties Imposed by *Scindia*

■ In *Scindia,* the Supreme Court set forth the limited duties that a vessel owes to a longshoreman when stevedoring operations have commenced. The vessel is under no duty to supervise, inspect or intervene to discover dangerous conditions that develop during cargo operations unless bound to do so by a contract provision, positive law or custom. *Scindia* 101 S.Ct. at 1624. Salvato's only colorable claim is that custom imposed a duty on Hakko. However, the stevedore, not the vessel, has the primary duty to ensure safety and deal with customary risks on a ship which are encountered during the stevedoring opera-

tion. *Scindia* at 1623. As a general matter, the vessel may rely on the stevedore to avoid exposing the longshoreman to unreasonable hazards. *Id.* Indeed, 33 U.S.C. § 941 requires that the stevedore provide a "reasonably safe" place to work.

■ Moreover, the obviousness of the padeye design negates any duty to warn that Hakko may have had. *Scindia* at 1622. It is undisputed that protruding padeyes are customary on car carriers and that Salvato had worked on approximately forty car carriers (approximately 50% had protruding padeyes) prior to the time of his accident. (Salvato depo., 36:18–22, 17:23–18:2). Salvato was aware of the padeyes and testified that stepping on one was "no big thing". (Salvato depo., 62:25–63:2, 53:16–54:10, 61:6–8). In fact, Salvato had stepped on numerous padeyes, without injury, on the same day as the accident. (Salvato depo., 61:9–17). Accordingly, Hakko satisfied the limited duties imposed by *Scindia* and as a matter of law is entitled to summary judgment in its favor.

## C. SALVATO'S RULE 56(f) DEFENSE

■ In the event that the Court grants the motion for summary judgment, Salvato seeks time to obtain additional facts that are largely within the knowledge or control of Hakko. The Court finds Salvato's request to be without merit on both procedural and substantive grounds. The Court, in its discretion, may continue a motion for summary judgment to allow further discovery for the non-moving party. *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518 (9th Cir.1987). This power is grounded in F.R.C.P. 56(f) and is applied by the courts to prevent premature motions for summary judgment. *Id.* Salvato has failed to submit an adequate affidavit stating the reasons why he cannot present facts essential to justify his opposition. *See Id.*

Based upon his own deposition testimony, Salvato, as a matter of law, has no claim for relief against Hakko. The Court finds that Salvato's access to materials in the control of Hakko is not of "material

importance". *See Id.* at 1519. Furthermore, Hakko's motion is not premature because Hakko has been a defendant in this action since December 10, 1987, and Salvato has ample time to conduct discovery.

### CONCLUSION

Hakko's motion for summary judgment is GRANTED because a vessel is not liable for design defects and Hakko did not breach any of the limited duties imposed upon it by *Scindia*.

IT IS SO ORDERED.