**APPLIED COMPANIES, a California Corporation, Plaintiff—Appellant,**

v.

**LOCKHEED MARTIN LIBRASCOPE, a Business Entity; Lockheed Martin Federal Systems, a Delaware Corporation, Defendants—Appellees.**

Applied Companies, a California Corporation, Plaintiff—Appellant,

v.

Lockheed Martin Librascope, a Business Entity; Lockheed Martin Federal Systems, a Delaware Corporation; Loral Librascope Corporation, a Delaware Corporation; Does 1 Through 10, inclusive, Defendants—Appellees.

Applied Companies, a California Corporation, Plaintiff—Appellant,

v.

Lockheed Martin Librascope, a Business Entity; Lockheed Martin Federal Systems, a Delaware Corporation; Loral Librascope Corporation, a Delaware Corporation, Defendants—Appellees.

Nos. 01–55682, 01–56066, 01–56277.

D.C. No. CV–97–07842–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided June 6, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Applied Companies ("Applied") appeals various orders entered by the district court, including an order granting a new trial to Lockheed Martin Librascope and Lockheed Martin Federal Systems, Inc. (collectively, "Librascope"). We reverse. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

The district court erred in granting a new trial. "A district court may grant a motion for a new trial based on the insufficiency of the evidence only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1189 (9th Cir.2002) (internal quotations marks omitted) (citing *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1248 (9th Cir.1998)). "[A] district court may not grant or deny a new trial merely because it would have arrived at a different verdict." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir.1999) (citing *Wilhelm v. Associated Container Transp. (Australia) Ltd.*, 648 F.2d 1197, 1198 (9th Cir.1981).

In the instant case, the district court did not identify the basis for granting a new trial; thus, we presume it was based on the reasons identified·by Librascope in its motion. *See* Fed.R.Civ.P. 59. Librascope argued in its motion that certain evidence should not have been admitted at trial, and that the jury verdict was contrary to the weight of the evidence and excessive. However, Librascope did not object at trial to the admission of the disputed evidence, and the district court did not commit plain error in admitting that evidence. Librascope does not dispute that the jury was properly instructed. We presume that jurors follow their instructions. *Richardson v. Marsh*, 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Both sides presented their theory of the case at trial. The properly instructed jury reached its decision reasonably based on evidence that was admitted without objection. Because the verdict was not "against the great weight of the evidence," nor was it "quite clear that the jury has reached a seriously erroneous result," the district court abused its discretion in granting a new trial.

Given our decision to reverse the district court's order granting a new trial, all of the subsequent orders issued by the district court must be vacated, including: (1) the *in limine* order, (2) the order imposing

---

sanctions, (3) the order dismissing the case as moot and (4) the order awarding costs. We need not reach the merits of issues of error urged with respect to the entry of those orders.

We reverse the order of the district court granting a new trial, and direct the court to enter judgment in the amount of the verdict and to award Applied its costs as prevailing party.

**REVERSED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.