67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael M. BLAS; Thomas L. Chambers; William Dickerson;
Ruben L. Encinas, Plaintiffs-Appellants,
v.
UNITED PARCEL SERVICE, INC.; Ruel Cobb, Defendants-Appellees.
 No. CA 94-55856.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided Sept. 21, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Michael Blas and his co-plaintiffs appeal the district court's grant of summary judgment to United Parcel Service (UPS) in this Title VII race discrimination claim. We affirm.
 
 II.
 
 4
 The parties are aware of the facts and we will not repeat them here.
 
 
 5
 Plaintiffs first argue that they raised a genuine issue of material fact as to whether they engaged in the misconduct that formed the basis for their terminations. Thus, they argue that the district court erred in granting UPS summary judgment. See Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 6
 We reject this argument. To raise a genuine issue of material fact at the summary judgment stage of a Title VII lawsuit after the employer has offered a legitimate, non-discriminatory reason for its actions, plaintiffs must "produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Lindahl v. Air France, 930 F.2d 1434, 1438 (9th Cir.1991). Plaintiffs contend that they did not engage in the misconduct for which UPS claimed to terminate them, but they have not produced specific facts supporting this claim. Therefore, we reject plaintiffs' argument that they raised a genuine issue of material fact as to whether they actually engaged in the misconduct for which they were fired.
 
 
 7
 The fact that plaintiffs were fired for cause does not foreclose their ability to challenge their discharges as discriminatory under Title VII. The Supreme Court has held that an employee can bring a Title VII challenge to a discharge made on the basis of an otherwise justifiable criterion, like reckless driving or dishonesty, if that criterion was not applied "alike to members of all races." McDonald v. Santa Fe Trail and Transp. Co., 427 U.S. 273, 283 (1976); see also Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 (9th Cir.1987) (noting that a Title VII plaintiff fired for misconduct can meet his or her ultimate burden of persuasion by showing that white employees who engaged in similar misconduct were retained). When a plaintiff's Title VII discriminatory discharge claim is based on the theory that the plaintiff was subject to harsher discipline than were white employees who engaged in similar misconduct, other circuits have allowed the plaintiff to establish his or her prima facie case by showing that the plaintiff (1) is a member of a protected class; (2) was qualified for the job from which he was discharged; (3) was discharged; and (4) suffered from differential application of disciplinary rules. See Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1525 (11th Cir.1991).
 
 
 8
 Even if we were to allow plaintiffs to establish their prima facie case under the above set of criteria, however, they have failed to present evidence that they suffered from differential application of disciplinary rules. Plaintiffs presented testimony about a white employee who was retained despite engaging in "theft of time," but they did not establish that "theft of time" is comparable to dishonesty in general, or that the "theft of time" at issue in the white employee's case was comparable to the dishonesty in which plaintiffs engaged. Plaintiffs also presented testimony regarding white employees who were retained despite their involvement in avoidable accidents, but did not present evidence that these accidents were as serious as the reckless driving resulting in a serious accident and runaway accident that led to plaintiffs' terminations. The only evidence regarding a white employee who tested positive for drug use indicated that the employee successfully completed a rehabilitation program and thus could not be compared to Thomas Chambers, the plaintiff who tested positive for drug use in this case.
 
 
 9
 Plaintiffs simply failed to establish that they were treated differently from white employees who engaged in similar misconduct. Therefore the district court did not err in granting summary judgment to UPS.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3