108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KINGS LANGLEY, LTD., Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION,**
as receiver for Homefed Bank, Defendant-Appellee.
 No. 95-56476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 17, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Kings Langley, Ltd. ("Kings") appeals the district court's denial of its motion for reconsideration of an order granting summary judgment in favor of Home Federal Savings Association ("HomeFed"). Kings seeks damages stemming from HomeFed's denial of Kings' request to assume a loan HomeFed had made to a third party, and from Homefed's subsequent foreclosure on Kings' property. Kings argues that there were genuine issues of fact as to whether HomeFed waived its right to accelerate the loan by accepting nine checks from Kings toward monthly mortgage payments, and by delaying its response to Kings' application to assume the loan. Kings also asserts that the district court abused its discretion in denying its motion for an extension of time to complete discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court's denial of a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) is construed as a denial of a motion for reconsideration under Fed.R.Civ.P. 60(b). It is reviewed for an abuse of discretion. Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 Relief from a judgment is appropriate under Rule 59(e) where (1) the party presents newly discovered evidence; (2) the court committed a clear error or the judgment was manifestly unjust; or (3) there is an intervening change in the controlling law. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 114 S.Ct. 2741 (1994).
 
 
 5
 In its motion for reconsideration, Kings argues that the district court committed an error of law by applying an incorrect standard on summary judgment, that the district court improperly made factual decisions within the province of the jury, and that the court deprived Kings of the opportunity to complete discovery. We disagree.
 
 I. Application of Summary Judgment Standard
 
 6
 Kings' claim that the district court misallocated the burdens the parties bear on summary judgment is without merit. Under Celotex v. Catrett, the party moving for summary judgment need not produce evidence. 477 U.S. 317, 325 (1986). The district court correctly ruled that HomeFed met its burden to demonstrate the absence of any genuine issue of fact. Kings failed to respond with any evidence that HomeFed had waived its right to accelerate the loan. Because Kings bore the burden of proof at trial on the waiver issue, the district court properly concluded that it could not survive summary judgment. Id. at 322-23.
 
 II. Finding of No Triable Issues
 
 7
 Kings also claims that the court decided contested facts in order to rule on HomeFed's motion for summary judgment. At no point, however, did Kings produce evidence from which a jury could have concluded that HomeFed waived its right to accelerate the loan.
 
 
 8
 Kings first asserts that HomeFed waived its right to enforce the "due-on-sale" clause in the original loan contract with Anza Oaks when more than thirty days passed before HomeFed responded to Kings' application to assume Anza's loan. Kings' argument depends on a regulation that is inapplicable to HomeFed on its face. The title of 12 C.F.R. § 591.4(d)(2), "Loans originated by lenders other than Federal savings associations," clearly excludes HomeFed. Record evidence indicates that from its charter in 1934 until its receivership in 1993, HomeFed was a federal savings association. Kings has offered no evidence to refute that status. The district court neither abused its discretion nor usurped the jury's function in deciding that there was no genuine issue of fact with respect to statutory waiver.
 
 
 9
 Kings also argues that HomeFed waived its right to accelerate the loan by its conduct. HomeFed accepted nine checks from Kings toward monthly payments on Anza's loan. HomeFed maintains, however, that it did not discover the transfer of ownership until it processed the payment for October 1990. The district court concluded that Kings had offered no evidence to support the contention that HomeFed's standard loan processing techniques should have uncovered the discrepancy and the transfer as early as January 1990. Kings also failed to produce any evidence to support its claim that HomeFed was on notice of the transfer because of Anza's unrelated transfers of property via other "all-inclusive trust deeds."
 
 
 10
 Under California law, waiver occurs where there is either an actual intention to relinquish a right or conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that it has been waived. Long Beach Unified School Dist. v. State, 225 Cal.App.3d 155, 170-71 (Ct.App.1990). Establishing waiver of a legal right requires clear and convincing evidence. Pacific Valley Bank v. Schwenke, 189 Cal.App.3d 134, 145 (Ct.App.1987).
 
 
 11
 Evidence that HomeFed accepted nine checks from Kings before discovering the transfer was not sufficient to allow a reasonable jury to conclude that HomeFed had notice of the property transfer and waived its contractual rights by conduct. Even after Kings began writing checks payable to HomeFed in January 1990, Anza continued to forward the payments along with its own checks. And HomeFed explains that as long as it received payment in full, it processed the checks electronically. As the district court concluded, the all-inclusive trust deed and the method of payment were "designed to conceal the transfer." Moreover, once HomeFed discovered the unauthorized transfer, "its conduct toward Kings was unequivocal." The court did not abuse its discretion in finding that summary judgment was appropriate on this issue.
 
 III. Denial of Additional Discovery
 
 12
 In its order granting summary judgment, the district court considered and denied Kings' motion for additional discovery. The district court must consider motions for additional discovery under Fed.R.Civ.P. 56(f) before granting summary judgment. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518-19 (9th Cir.1987). It is not, however, an abuse of discretion to deny the motion where the movant failed to "pursue discovery diligently before summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 13
 Kings pursued only minimal discovery between May 18, 1994 and the close of pretrial discovery on March 10, 1995. Kings argues that it justifiably relied on HomeFed's continuing obligation to supplement its initial interrogatory responses under Fed.R.Civ.P. 26(e). As the district court pointed out, however, such reliance is not a substitute for diligent pursuit of discovery. After receiving HomeFed's interrogatory responses, Kings never moved to compel more complete responses, did not request a discovery conference with the magistrate, and gave no indication that it considered the responses to the interrogatories inadequate until May 17, 1995, more than two months after the close of pretrial discovery.
 
 
 14
 The district court did not abuse its discretion in finding that Kings underutilized discovery and denying Kings' motion for additional discovery under Rule 56(f). Although Kings had alleged contractual waiver since its initial complaint in March 1993, it let two years pass without meeting its burden to produce some evidence that HomeFed acted unreasonably in failing to discover the transfer of ownership before November 1990. Because Kings had discovered no evidence indicating waiver by conduct, and because the court found that "no amount of discovery" could support its claim of statutory waiver, the court properly concluded that its motion was without merit.
 
 
 15
 The district court clearly did not abuse its discretion in refusing to alter its grant of summary judgment. It had correctly applied the standard for summary judgment and had found no triable issue in this case. Moreover, the court had afforded Kings ample opportunity to pursue discovery. Accordingly, we uphold the district court's denial of the motion for reconsideration.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The FDIC was substituted for the RTC pursuant to Fed.R.App.P. 43
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3