Billy Eugene GARRETT,
Plaintiff-Appellant,

v.

CITY AND COUNTY OF SAN FRANCISCO, San Francisco Fire Department, Defendants-Appellees.

No. 86–2144.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 1987.*

Decided June 10, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Rufus L. Cole, San Francisco, Cal., for plaintiff-appellant.

Paula Hagan Bennett, San Francisco, Cal., for defendants-appellees.

Before NOONAN and O'SCANNLAIN, Circuit Judges, and TASHIMA,** District Judge.

TASHIMA, District Judge:

This is an appeal from the judgment[1] of the district court, entered upon the grant-

---

** Honorable A. Wallace Tashima, United States Judge, Central District of California, sitting by designation.

1. Both the notice of appeal and the amended notice of appeal mistakenly designate the order of May 8, 1986 as the order appealed from. *See* F.R.App.P. 3(c) (notice must designate order or judgment appealed from). Although both notices describe this order as "granting Defendants' motion for summary judgment and award-

ing of defendants-appellees' motion for summary judgment in an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Upon granting the motion, the district court invited defendants to apply for attorney's fees, which they did. Attorney's fees and, alternatively, sanctions were awarded to defendants. Appellant Billy Eugene Garrett ("Garrett" or "plaintiff") appeals those rulings, as well as the denial of his motion to compel discovery.[2] We reverse and remand the action to the district court.

## FACTS

Garrett is a black man who began his employment as a firefighter with defendant San Francisco Fire Department (the "Fire Dept.") in 1974. He was accused of having taken 13 silver dollars from the scene of a fire on June 30, 1981, and charged with violating Fire Dept. Rule 2222, which requires firefighters to "immediately report" to their supervisors all monies, jewels or other valuables discovered at the scene of a fire.

It is unnecessary to set forth the substantial evidence adduced in support of this charge; it suffices that in September, 1982, after having held extensive hearings, the San Francisco Fire Commission (the "Commission") found that Garrett had violated Fire Dept. rules and ordered his discharge. Garrett then sought judicial review of the Commission's order in state court. See Cal.Code Civ.Proc. § 1094.5. The order was upheld by the superior court and on appeal the trial court's judgment was affirmed. While the state court proceedings were still pending, Garrett, acting *pro se*, commenced this Title VII action in federal district court.

## DISTRICT COURT PROCEEDINGS

On October 25, 1985, the district court issued a scheduling order setting the discovery cut-off date as March 15, 1986, the motion deadline as May 1, 1986, and the trial date as June 2, 1986. Garrett filed and served defendants with a request for production of documents on November 15, 1985. Request No. 8 sought the personnel records of 16 named Fire Dept. firefighters. Defendants, on December 20, 1985, objected to Request No. 8 on the ground that "the information contained in the personnel records is privileged and confidential, and disclosure of these documents would constitute an invasion of privacy. Further, much of the information contained in them is irrelevant to this case," and refused to produce these files.

On February 6, 1986, Garrett moved to compel production of the documents sought by Request No. 8 and to extend the discovery cut-off date for 30 days. He contended that these documents would establish that black firefighters and white firefighters received different disciplinary sanctions for the same or similar offenses, *i.e.*, that there was disparate treatment, and that the purported justification for his discharge was merely a pretext for racial discrimination.

Earlier, on January 22, 1986, defendants-appellees had moved for summary judgment.

Both motions were to be heard on March 6, 1986. At the hearing, the district court addressed the summary judgment motion first. It found that given the hearing procedure, the nature of the violation, the overwhelming evidence of Garrett's guilt, and the lack of evidence of disparate treatment, there was no material issue of fact; therefore, it granted defendants' motion for summary judgment. Having granted

ing attorney fees and sanctions," and the amended notice additionally designates it as "denying Plaintiff's motion to compel discovery," in fact, it dealt only with attorney's fees and sanctions. Nevertheless, we treat the notices as designating the final judgment and we have jurisdiction over this appeal. The notices make appellant's intent clear and no issue of possible prejudice from the misdesignation has

been raised. *See Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir.1986); *Munoz v. Small Business Admin.*, 644 F.2d 1361, 1364 (9th Cir.1981).

**2.** The discovery order is reviewable on appeal from the final judgment. *Munoz*, 644 F.2d at 1364.

defendants' dispositive motion, the court then denied Garrett's discovery motion as "moot" without considering it on the merits. The court next invited defendants to apply for attorney's fees. Defendants did so and on May 8, 1986, defendants' motion was granted in part. The court ordered Garrett to pay defendants $5,000 as partial attorney's fees or, alternatively, as sanctions under F.R.Civ.P. 11 for bringing the action in bad faith and for purposes of harassment. This appeal followed.

## ISSUES

1. Was summary judgment properly granted without the trial court first ruling on the merits of plaintiff's discovery motion.

2. May summary judgment be sustained by the application of collateral estoppel, thus mooting the issue of further discovery.

3. Were attorney's fees and sanctions properly assessed against plaintiff.

## DISCUSSION

I. *Summary Judgment v. Further Discovery*

We do not decide whether on the record before it summary judgment should or should not have been granted by the district court. We assume *arguendo* that on the state of the record before the district court, no disputed issues of fact were raised. The issue is whether Garrett should have been granted an opportunity, as contemplated by F.R.Civ.P. 56(f), to pursue further discovery or at least to complete then-pending discovery.

■ When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons. *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 (9th Cir.1986). The court may continue a motion for summary judgment if the opposing party needs to discover essential facts. *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir.1986); *Hancock*, 787 F.2d at 1306. The trial court's refusal to permit further discovery is reviewed for an abuse of discretion. *Id.; Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 373 (9th Cir.1985) (*per curiam*).

Clearly, a trial court's exercise of discretion will rarely be disturbed. This case, however, involves the failure of the trial court to exercise its discretion, not the abuse of it. Here, the court did not address the merits of Garrett's motion to compel production of the personnel records; it merely denied the motion as "moot" after having disposed of the case.[3]

■ First, although not formally denominated as a request under Rule 56(f), under Ninth Circuit precedent Garrett's discovery motion was sufficient to raise the issue of whether he should be permitted additional discovery. *Hancock*, 787 F.2d at 1306 n. 1 (pending motion to compel discovery was sufficient to raise Rule 56(f) consideration); *see also, Program Eng'g, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1193 (9th Cir.1980) (motion to strike portions of summary judgment motion was sufficient to raise Rule 56(f) consideration); *cf. Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986) (references in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)). Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment. *Hall*, 791 F.2d at 761; *Brae Transp.*, 790 F.2d at 1443; *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir.1984) (*per curiam*).

Garrett's pending discovery motion satisfied Rule 56(f). It made clear the information sought, did not seek broad additional discovery, but rather sought only the personnel records of 16 named firefighters and indicated the purpose for which this

---

**3.** Because the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to *de novo* review. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986).

information was sought, namely, to determine whether similarly situated firefighters were being treated differently on the basis of race. Defendants'· refusal to produce these documents lead to Garrett's motion to compel. The motion was timely made under the scheduling order and was set for hearing before the discovery cut-off date.

■ In denying the discovery motion as "moot" after having first granted defendants' summary judgment motion, the district court failed to exercise its discretion with respect to the discovery motion. *See Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264–65 (10th Cir.1984) (trial court's failure to rule on opposing party's Rule 56(f) affidavit prior to granting summary judgment against it reversed as a failure to exercise discretion); *Sames v. Gable*, 732 F.2d 49, 52 (3d Cir.1984) (error to grant motion for summary judgment while pertinent discovery requests were outstanding); *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir.1983) (summary judgment should not be granted while opposing party timely seeks discovery of potentially favorable information).[4]

As the district court stated, the summary judgment motion was granted in part because of, "the lack of evidence of disparate treatment." In a Title VII case, regardless of the interim allocations of the burden of going forward, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), plaintiff retains the ultimate burden of persuasion. *Texas Dep't of Community Affairs v.* *Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The rule applies in a summary judgment context. *Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)[5]. Plaintiff can meet this burden by showing that other employees (firefighters) who engaged in similar acts of wrongdoing of *"comparable seriousness . . . were nevertheless retained." McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n. 11, 96 S.Ct. 2574, 2580 n. 11, 49 L.Ed.2d 493 (1976) (emphasis in original) (citing *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825). *See also, IBT v. United States*, 431 U.S. 324, 335–36 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). This is precisely the type of evidence plaintiff's motion to compel sought to elicit.[6] Thus, this case presents the circumstance· where "a party's access to . . . material is of crucial importance . . . where the information is likely to be in the sole possession of the opposing party." *Patty Precision*, 742 F.2d at 1264.

It was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion.

## II. *Collateral Estoppel*

Defendants contend that plaintiff's Title VII claim is barred by the application of collateral estoppel (issue preclusion).[7] If defendants are correct, then· further discovery on the issues of disparate treatment and pretext would be futile and the grant of summary judgment should be affirmed.

---

**4.** Without passing on the merits of plaintiff's discovery motion (a matter which should be addressed first by the district court), we note that the motion, on its face, does not appear to be entirely without merit. *Cf. Hancock*, 787 F.2d at 1306–07 (district court did not abuse its discretion in denying plaintiff's request for additional discovery and granting summary judgment where discovery sought could not lead to relevant information as a matter of law).

**5.** The Court was careful to state that the rule applied only "after adequate time for discovery." *Id.* 106 S.Ct. at 2552–53.

**6.** Defendants also contend that the sought documents are protected by state-created privileges.

In a Title VII action, of course, the federal common law of privilege controls. F.R.Evid. 501. This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege. *Guerra v. Board of Trustees*, 567 F.2d 352 (9th Cir.1977); *Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

**7.** Res judicata (claim preclusion) cannot apply because state courts lack subject matter jurisdiction of Title VII claims. *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir.1985).

See *Hall,* 791 F.2d at 761; *Hancock,* 787 F.2d at 1306–07.

■ The *availability* of collateral estoppel is subject to *de novo* review, but *application* of the doctrine, if available, is reviewed for abuse of discretion. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986). Here, we need address only the first issue.

Collateral estoppel bars relitigation of issues actually adjudicated and essential to the judgment in earlier litigation between the same parties. *South Delta Water Agency v. United States Dep't of Interior,* 767 F.2d 531, 538 (9th Cir.1985). Under 28 U.S.C. § 1738, state court judgments may be entitled to preclusive effect (here issue preclusion) in Title VII actions. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 485, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982); *Trujillo v. County of Santa Clara,* 775 F.2d 1359, 1369 (9th Cir.1985). Federal courts apply the collateral estoppel rules of the state from which the judgment arose in determining the effect of a state court judgment. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In California, collateral estoppel applies when: (1) the issue decided in the prior action is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *E.g., Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 874–75, 151 Cal. Rptr. 285, 587 P.2d 1098 (1979). Only the first element is disputed.

The final judgment at issue here is the decision by the California Court of Appeal, First Appellate District, in *Garrett v. San Francisco Fire Comm'n, et al.,* No. A020544 (Jan. 2, 1986) (unpublished). In that decision, the court held that the Commission did not abuse its discretion in dismissing appellant. Necessarily implicit in that holding was the determination that there was sufficient evidence to support the Commission's finding that appellant had committed the rules infraction charged. That issue having been deter-mined on the merits, Garrett cannot relitigate the propriety of the determination that his dismissal for his failure to report property taken from the scene of a fire is supported by substantial evidence.

In order to prevail on their motion for summary judgment, however, defendants must establish that collateral estoppel should also be applied to the disparate treatment issue, *i.e.,* establish that the issue of whether similarly situated white firefighters had received less severe punishment for similar misconduct was actually litigated in the state court action. Although it appears that Garrett attempted to raise this issue in the state court action, at best, it is not clear that the issue was actually litigated.

■ The superior court's grounds for denying Garrett's petition for writ of mandate are not disclosed by the record on appeal; thus, the record does not support application of collateral estoppel, *i.e.,* there is no showing that the disparate treatment issue was actually litigated in the state trial court. The state court of appeal's opinion also is, at best, ambiguous on the issue. It characterized appellant's claim as follows:

> The gravamen of plaintiff's claim is that the punishment was extreme because theft of $13 would at most be a petty offense and because the punishment of dismissal is disproportionate to punishment given other firefighters whose conduct was more injurious to public safety.

*Id.,* slip op. at 15. The state court of appeal went on to hold that the discipline imposed was not an abuse of discretion. Thus, although it might be said that the proportionality of punishment between firefighters was mentioned in the opinion, the issue was not dealt with in terms of Title VII's "disparate treatment" criterion, *i.e.,* such treatment on the basis of race, but in terms of abuse of discretion. We conclude that the state court record is an insufficient basis to permit the application of collateral estoppel on the disparate treatment issue.

### III. *Attorney's Fees and Sanctions*

 Because the judgment must be reversed, defendants no longer are prevailing parties under Title VII, 42 U.S.C. § 2000e–5(k). Thus, the award of $5,000 attorney's fees must be vacated.[8] *See, e.g., Mitchell v. Office of the Los Angeles County Superintendent of Schools,* 805 F.2d 844, 847 (9th Cir.1986).

Alternatively, the district court imposed the same $5,000 as a sanction under F.R. Civ.P. 11, because the court found that "this case was brought in bad faith and to harass defendants." In *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831–32 (9th Cir.1986), this court narrowly construed "harassment" under the "improper purpose" clause of Rule 11. That case also involved the successive filing of a federal case after rejection of the same or similar issues by a state court. *Id.* at 832. We have stated that "the conduct forming the basis of the charge of harassment must do more than in fact bother, annoy or vex the complaining party." *Id.* at 831–32. *Zaldivar* adopted an objective test and held that a complaint which meets the well-grounded/frivolousness test of Rule 11's other prong cannot amount to harassment. *Id.* at 832. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986).

The district court made no finding of what the "harassment" might have been, other than the implicit finding of frivolousness. Because we reverse the judgment, as indicated above, the frivolity issue remains to be determined. *See In re Yagman,* 796 F.2d 1165, 1183 (9th Cir.1986) (discussing proper timing for imposition of sanctions). Thus, we also vacate the alternative award of Rule 11 sanctions against plaintiff.

### CONCLUSION

The award of attorney's fees and sanctions is vacated. The judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

**8.** We, of course, intimate no view on the propriety of the award or non-award of attorney's fees in this case after further proceedings on remand.