39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory RICHARD, Plaintiff-Appellant,
v.
CALIFORNIA INSTITUTE OF TECHNOLOGY JET PROPULSION
LABORATORY; John Vasbinder; Donald Mc Quarie;
Don Howard, Defendant-Appellees.
 No. 93-55635.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Oct. 24, 1994.
 
 Before: FLETCHER, FERNANDEZ, Circuit Judges, and SEDWICK, District Judge.*
 MEMORANDUM**
 In this race discrimination and breach of employment contract case, Gregory Richard appeals the dismissal of his claims on summary judgment. Richard argues that the district court committed reversible error under Federal Rule of Civil Procedure 56(f) by not continuing the hearing on the summary judgment motion in order to consider his motion to allow further discovery. Richard also argues that he presented sufficient evidence to raise material issues of fact on the Title VII,[1] FEHA,[2] and breach of contract claims he brought against Caltech and various individuals (collectively Caltech). Because we agree with his Rule 56(f) claim, we reverse and do not consider his claims regarding the merits.
 We start, as we must, with the proposition that a formal Rule 56(f) motion is not always necessary when a party seeks an opportunity to obtain further information before a summary judgment motion is granted. Information contained in a motion to strike may serve that function. See Program Eng'g v. Triangle Publications, 634 F.2d 1188, 1193 (9th Cir.1980). So, too, may a response to a summary judgment motion which "refers to [a] pending motion to compel discovery" and indicates that the moving party has been asked "to respond to interrogatories and to provide certain witnesses for depositions." See Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986). No doubt, an entire failure to formally move for discovery will permit a district court to go forward with the summary judgment motion. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986); Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1467 (9th Cir.1985), cert. denied, 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986). However, a pending discovery motion that makes clear the nature of the information sought will suffice to bring the issue to the district court's attention. See Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987).
 With those propositions in mind, we turn to the checkered procedural history of this case. Caltech had refused to answer a number of Richard's discovery requests, and Richard had sought to make a motion to compel discovery. That motion was presented to the court on January 11, 1993 and was marked "filed." However, on January 28, 1993, the district judge ordered the motion stricken and the papers returned to counsel on grounds that there was no proof of service and the motion had been set for a Monday court holiday. It appears that both of those grounds were invalid. The record shows that proof of service was attached to the papers. Moreover, the United States Central District of California Local Rule 7.2 provides that if a motion is noticed for a Monday holiday, it will simply be heard on Tuesday "without special order or further notice." Thus, the striking of that motion was improper.
 As it was, the motion detailed the needed discovery and contained a declaration by counsel which explained the relevance of the requested information, albeit not in the most lucid fashion.
 We note with interest that on January 19, 1993, the magistrate judge had opined that the discovery motion was not timely. Thus, it, along with a separate motion to allow the use of depositions taken in prior actions, was ordered off calendar. The record, however, contains no order from the district judge which sets out a discovery motions cutoff date.[3] Thus, we must assume that the cutoff date for discovery motions was the general motions cutoff date as set forth in the scheduling order. If so, the magistrate judge erred because the motion was timely filed. Again, of course, the discovery motion was actually rejected from filing a few days later.
 That brings us to the first summary judgment hearing itself. At that hearing, counsel explained his need for further information and referred to the motion that had been returned to his office. The district judge refused to hear about it and said that if counsel wanted to file the motion (again?) "we'll talk about it then." Counsel then asked that the hearing be continued so that he could rebut Caltech's evidence with the depositions and declarations and with the other information that had been denied to him by the improper return of the discovery motion. The district court denied that request but noted that its scheduling order would be modified to extend the motions filing cutoff date to March 8, 1993. When asked by Caltech's counsel if that extended the date for Richard's various motions, the court replied that it did.
 What ensued was a good deal of bumbling about as Richard tried to file the coveted motions a second time. He finally did so by the new motions cutoff date. However, the magistrate judge took those motions off calendar on grounds that they came too late, although they plainly did not. The second summary judgment order, a denial of reconsideration of the first order, and the final judgment in this case ensued.
 The unique procedural history of this case shows that a series of small errors combined to create an abuse of discretion. Richard should have been allowed a Rule 56(f) continuance during which time he would have had a fair chance to have his motions for discovery heard upon their merits. He did make his need for a continuance known to the district court. We do not say that he did so in an apt fashion. Quite the contrary. Nevertheless, a series of errors by the court prevented him from obtaining a proper consideration of those motions. More importantly, those errors prevented a proper consideration of the motion for summary judgment. Thus, we must reverse and remand so that Richard may have a reasonable opportunity to support his claims with evidence, if any there is.
 REVERSED and REMANDED.
 
 
 
 *
 Hon. John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 42 U.S.C. Secs. 2000e-2, 2000e-5
 
 
 [2]
 Cal.Gov't Code Sec. 12940
 
 
 [3]
 We are aware of the fact that district court scheduling orders do often set forth a discovery motions cutoff date. However, the scheduling order in this case has no such separate cutoff. It only has a general motions cutoff date