65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Leonard B. THAUT, Debtor.
Ford ELSAESSER, Trustee, Plaintiff-Appellee,
v.
LEWIS & CLARK INVESTMENT ENTERPRISES, INC., an Idaho
corporation, d/b/a Benewah Adjustment Service,
Defendant-Appellant.
 No. 94-35564.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 19, 1995.*
Decided Aug. 16, 1995.
 
 1
 Before: FARRIS, NOONAN, and HAWKINS Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lewis & Clark (BAS) appeals the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of Ford Elsaesser (Elsaesser), the trustee in Leonard Thaut's bankruptcy proceeding seeking recovery of garnished wages from BAS as a preference under 11 U.S.C. Sec. 547(b). We affirm the district court.
 
 PROCEEDINGS AND ANALYSIS
 
 4
 The district court affirmed the bankruptcy court's findings that BAS had failed to show a genuine issue of material fact precluding the grant of summary judgment. BAS argues on appeal, as it did before the bankruptcy court, that the trustee failed to include the values of a truck and a real property interest allegedly owned by Thaut. These omissions, BAS contends, create genuine issues of Thaut's insolvency during the 90-day preference period and of the amount BAS would have received in a Chapter 7 liquidation.
 
 
 5
 BAS presents no evidence that Thaut is concealing ownership of a real property interest in Seattle other than a phone conversation almost a year before the bankruptcy proceeding allegedly referring to Thaut's ownership of such an interest. BAS has had over a year to investigate the existence of this interest; it has failed to uncover further evidence. BAS has failed to "make clear what information is sought and how it would preclude summary judgment." Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987).
 
 
 6
 BAS does report the following facts regarding the valuation of and Thaut's property interest in the truck: (i) the truck was titled to Thaut's mother; (ii) counsel for BAS saw Thaut use the truck on occassion; (iii) Thaut was involved in an accident while driving the truck; (iv) the Blue Book value of the truck is $7550; (v) Thaut stated in his "Schedule B-Personal Property" accompanying his bankruptcy petition that he "may have an equitable interest" in the truck valued at $1,000. BAS asserts that these facts raise genuine issues as to Thaut's insolvency at the time of the garnishment and to whether BAS received more through its garnishment than it would have in a Chapter 7 liquidation. We analyze each issue in turn.
 
 
 7
 The facts regarding the truck do not raise a genuine issue of Thaut's insolvency. At the time of the garnishment, Thaut's total liabilities were valued at $18,803.98. His assets, as counted by the trustee, included a tax refund of $811.15, deposited in a bank account, and the $3,559.24 in wages garnished by BAS. After including the truck as BAS values it, the comparison of assets and liabilities is as follows:
 
 
 8
 ASSETS
 Tax refund $ 811.15
 Garnished wages $ 3,559.24
 Truck $ 7,550.00
 TOTAL ASSETS $11,920.39
TOTAL LIABILITIES $18,803.98
 
 
 9
 Under BAS' valuation of the truck, Thaut's liabilities would still exceed his assets, and he would be insolvent under 11 U.S.C. Sec. 101(32)(A).
 
 
 10
 Whether BAS received more through garnishment than it would have in a Chapter 7 liquidation is a more complicated question. The total value of unsecured claims filed by the August 5, 1993, bar date for submission of Proof of Claims is $14,350.76. This amount would be liquidated with the total value of Thaut's assets less expenses and fees. With the inclusion of the truck (whose first $1500 of value is exempt under Idaho law), the liquidation would be as follows:
 
 
 11
 TOTAL UNSECURED CLAIMS TO BE LIQUIDATED $ 14,350.76
ASSETS
 Cash in bank account $ 824.44
 Wages recovered from BAS' garnishment $ 3,559.24
 Blue book value of truck $ 7,550.00
 Exemption under Idaho law ($ 1,500.00)
 TOTAL ASSETS $ 10,433.56
FEES AND EXPENSES
 Attorney's fees $ 1,200.00
 Trustee fees and expenses $ 559.00
 TOTAL FEES AND EXPENSES $ 1,759.00
NET ASSETS (TOTAL ASSETS-TOTAL FEES AND EXPENSES) $ 8,674.68
DIVIDEND (NET ASSETS/TOTAL UNSECURED CLAIMS) $ .60
 
 
 12
 If the truck is included in Thaut's estate at full Blue Book value, unsecured creditors like BAS would receive 60 cents on the dollar. Since the undisputed amount of BAS' claim is $12,172.56, BAS would have received 60% of this amount or $7,303.36 in a Chapter 7 liquidation. BAS garnished $3,559.24. If the truck is valued at full Blue Book value, the garnishment did not allow BAS to receive more than it would have received in a Chapter 7 liquidation as required by 11 U.S.C. Sec. 547(b)(5).
 
 
 13
 However, BAS errs in arguing that the truck should be included in the estate at full book value. Thaut's property interests in bankruptcy are "creatures of state law." Barnhill v. Johnson, 112 S.Ct. 1386, 1389 (1992). Under Idaho law, "no person could acquire any right, title, claim, or interest in or to a motor vehicle until the purchaser had issued to him certificate of title." Lux v. Lockridge, 150 P.2d 127, 128 (Id.Sup.Ct.1944); accord Latham Motors Inc. v. Phillips, 851 P.2d 985 (Idaho App.1992).
 
 
 14
 BAS' affidavit states that the certificate of title for the truck is in Thaut's mother's name. Thaut therefore cannot have a legal interest in the truck under Idaho law. Thaut, in fact, states the he has a possible equitable interest in the truck valued at $1000. While the blue book value of the truck would reflect the value of Thaut's legal interest, if he had any, in the truck, the blue book is not probative as to the value of Thaut's equitable interest. BAS simply has not raised a genuine issue as to the value of Thaut's equitable interest in the truck and has not challenged Thaut's valuation of his interest at $1000. While BAS also suggests that Thaut fraudulently transferred title to his mother, no evidence of such a transfer is proferred.
 
 
 15
 Accordingly, the Chapter 7 liquidation of Thaut's estate would be as follows:
 
 
 16
 TOTAL UNSECURED CLAIMS TO BE LIQUIDATED $ 14,350.76
ASSETS
 Cash in bank account $ 824.44
 Wages recovered from BAS' garnishment $ 3,559.24
 Value of Thaut's equitable interest in truck $ 1,000.00
 Exemption under Idaho law ($ 1,000.00)
 TOTAL ASSETS $ 4,383.68
FEES AND EXPENSES
 Attorney's fees $ 1,200.00
 Trustee fees and expenses $ 559.00
 TOTAL FEES AND EXPENSES $ 1,759.00
NET ASSETS (TOTAL ASSETS-TOTAL FEES AND EXPENSES) $ 2,624.68
DIVIDEND (NET ASSETS/TOTAL UNSECURED CLAIMS) $ .18
 
 
 17
 At 18 cents on the dollar, BAS would receive 18 per cent of $12,172.56, or $2,191.06, in a Chapter 7 liquidation. The garnishment allowed BAS to recover $3,559.24. The garnishment was a preference.
 
 
 18
 Because of the complicated valuation issues raised by the inclusion of the truck in Thaut's estate, the appeal was not frivolous. An award of attorney's fees to the appellee is not appropriate.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3