116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewis SARDO, Jr., Plaintiff-Appellant,
v.
MERCK & CO., INC., Defendant-Appellant.
 No. 95-55694.
 United States Court of Appeals, Ninth Circuit.
 Submitted, June 2, 1997.*
Decided June 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-02476-R; Manuel L. Real, Chief District Judge, Presiding.
 Before HALL, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis Zardo, Jr. appeals the district court's summary judgment in favor of Merck & Co., Inc., in Zardo's diversity action alleging that Merck failed to provide an adequate warning regarding the danger of hair loss resulting from Merck's cholesterol-lowering drug, Mevacor. We affirm in part and reverse in part.
 
 A. Denial of Leave to Amend
 
 3
 Zardo asserts that the district court erred when it denied his motion to amend the complaint to add his doctors and Merck's agents in California as additional defendants and to then remand the action to the state court. However, he has not supported his assertions with any argument or authority. Therefore, he has waived them. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992); Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986). At any rate, Zardo's obvious purpose was to destroy diversity jurisdiction and his assertions of error are otiose.
 
 
 4
 B. Denial of Federal Rule of Civil Procedure 56(f) Motion
 
 
 5
 "[T]he denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir.1986). Moreover, a district court's failure to exercise its discretion with respect to a discovery motion is error. See Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 (9th Cir.1987). Zardo complied with the requirements of Rule 56(f) by filing a timely declaration which specifically identified relevant evidence that was the subject of an outstanding discovery request. The district court had previously ordered that the information be delivered to Zardo and had even indicated that Merck "ought to be ashamed of [itself]" for not having supplied it earlier. That evidence would have shown, said Zardo, that Merck had information which made its warning regarding the possible adverse effects of its product inadequate. Of course, even though the "learned intermediary" doctrine can provide a defense, a manufacturer cannot avoid liability unless it has supplied appropriate warnings to the doctor. See Carlin v. Superior Court, 13 Cal.4th 1104, 1116, 920 P.2d 1347, 1354, 56 Cal.Rptr.2d 162, 169 (1996); Brown v. Superior Court, 44 Cal.3d 1049, 1061-62 & n. 9, 751 P.2d 470, 477-78 & n. 9, 245 Cal.Rptr. 412, 419 & n. 9 (1988). Thus the information sought by Zardo was relevant, and his motion for a continuance so that he could develop it should have been ruled on before summary judgment was granted against him. See Garrett, 818 F.2d at 1519; VISA, 784 F.2d at 1475. Indeed, on the facts of this case, it appears that the continuance should have been granted.
 
 C. Other Claims
 
 6
 Because the district court should have ruled on the continuance prior to granting summary judgment, we need not reach the issues of (1) whether on the evidence before the court the grant of summary judgment was proper or (2) whether the court erred when it disallowed Zardo's expert's declaration prior to granting the summary judgment.
 
 
 7
 AFFIRMED in part, REVERSED in part and REMANDED. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3