**ESTATE OF Gajus MICHELSON, Plaintiff–Appellee,**

v.

**YACHT GOLDEN VIKING II, Official Number 634 016, her tackle, apparel, engines, machinery, furniture and equipment, in rem, Defendant,**

and

**Dwight H. Lindholm; Loretta Lindholm;, Defendants-cross-defendants—Appellees,**

**Randolph Dale Holden, Defendant-cross-claimant—Appellant,**

v.

**Marlon A. Holden, Plaintiff-intervenor—Appellant,**

v.

**Harriett Brown, Cross-defendant—Appellee.**

No. 02–55986.

D.C. No. CV–92–00035–RMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Jan. 21, 2004.

Joseph N. Mirkovich, Esq., Russell & Mirkovich, Long Beach, CA, for Plaintiff–Appellee.

Guillermo W. Schnaider, Esq., Kinkle, Rodiger & Spriggs, Los Angeles, CA, for Defendant–cross–defendant–Appellee.

Robert Ives, Esq., Ives & Associates, San Clemente, CA, for Defendant–cross–claimant–Appellant/Plaintiff–intervenor–Appellant.

Joseph N. Mirkovich, Esq., Russell & Mirkovich, Long Beach, CA, for Cross-defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Randolph and Marlon Holden appeal the district court's judgment in favor of the Appellees and the subsequent awarding of

---

proceeds from the sale of the vessel *Golden Viking II* to Dwight and Loretta Lindholm. Because the parties are familiar with the facts of this case we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We now affirm.

The Holdens incorrectly assert that claim preclusion bars the district court from ordering the disbursement of the proceeds from the sale of the vessel to the Lindholms. Claim preclusion did not bar the district court from ordering the disbursement because the underlying suit and the state action arose out of a different transactional nucleus of facts and involved different rights. *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir.1992)(holding claim preclusion is inapplicable when the state and federal claims involve a different cause of action).

Similarly, the Holdens' assertion that the general verdicts that were entered in the state case precluded the district court's findings of breach of contract and right to possession of the boat is unpersuasive. It is impossible to know on which ground or grounds Holden prevailed in the prior state court action. The basis for the jury's decision cannot be determined from the general verdict form. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1520 (9th Cir.1987) (holding that issue preclusion is inappropriate unless the issue was "actually" adjudicated and "essential" to the judgment in earlier litigation between the same parties).

Lastly, the district court's findings that Dwight Lindholm was not liable to Randolph Holden for abuse of state and federal process, constructive fraud, and wrongful seizure were not clearly erroneous. *Churchill v. F/V Fjord*, 892 F.2d 763, 772

(9th Cir.1988). There is ample evidence in the record to support these conclusions.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.