**Barbara BERRY, S.A. de C.V.,**
**Plaintiff—Appellant,**

v.

**KEN M. SPOONER FARMS, INC.,**
**Defendant—Appellee.**

No. 06–35398.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 16, 2007.

David C. Kelly, Esq., Michael T. Callan, Esq., Courtney A. Williams, Esq., Peterson Russell Kelly PLLC, Bellevue, WA, for Plaintiff–Appellant.

Andrew R. Chisholm, Esq., Montgomery Purdue Blankinship & Austin, PLLC, Seattle, WA, for Defendant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM *

Barbara Berry, S.A. de C.V. ("Barbara Berry"), a Mexican corporation, appeals the district court's grant of summary judgment in favor of Ken M. Spooner Farms, Inc. ("Spooner Farms"), a Washington state corporation, in Barbara Berry's action to recover damages for breach of contract. We have jurisdiction under 28 U.S.C. § 1292 and we reverse the district court's judgment and remand for further proceedings.[1]

We review de novo a district court's decision to grant a motion for summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). In evaluating the district court's grant of summary judgment in favor of Spooner Farms, we view the evidence in the light most favorable to Barbara Berry. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997). We also review de novo the district court's interpretation and application of treaty language. *Ramsey v. United States*, 302 F.3d 1074, 1077 (9th Cir. 2002).

■ The United Nations Convention on Contracts for the International Sale of Goods ("the CISG") governs the formation of contracts for the sale of goods between parties whose places of business are located in different member states. CISG arts. 1, 4, April 11, 1980, 1489 U.N.T.S. 3. Both the United States and Mexico are parties to the CISG. *Treaties in Force* 528–29 (2006). Therefore, the principles of the CISG apply to the contract between Barbara Berry and Spooner Farms. *See* CISG, arts. 1, 4. The district court erred in failing to first analyze the formation of the Barbara Berry–Spooner Farms contract under the CISG. We reverse due to this error because, applying the CISG, there exist genuine issues of material fact as to when a contract was formed between Barbara Berry and Spooner Farms, what terms were included in the contract, and whether those terms were later varied.[2]

■ In addition, the district court erred in failing to rule, prior to granting summary judgment in favor of Spooner Farms,

on Barbara Berry's Federal Rule of Civil Procedure Rule 56(f) motion to continue discovery. *See Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) (determining that a district court erred where it granted summary judgment for the opposing party prior to ruling on the discovery motion). Moreover, we are confident that this case is more likely to yield a correct resolution if the parties engage in a reasonable amount of discovery before the district court resolves the issue of contract formation.[3]

**REVERSED and REMANDED.**

---

2. If it is determined that the limitation of liability provision within Spooner Farms' invoice or printed on the top of the boxes in which the goods were shipped is a part of the contract that was reached between the parties, then we agree with the district court's analysis that such provision would be enforceable. However, it first must be determined under the CISG, taking into account its articles and any pertinent precedent interpreting

them, if that provision was a part of the contract.

3. If after discovery the legal issues on contract formation and the terms of the contract can be resolved with no genuine issue of material fact, then we do not rule out the possibility of a post-discovery motion for summary judgment.