MEMORANDUM *
Darnell McGary (“McGary”) appeals the dismissal, without leave to amend, of his 42 U.S.C. § 1983 claims against Defendants Roberts, Acker, Richards, Sziebert, and McClung.[1] He also appeals the grant of summary judgment for Defendants Grego-rich and Barnes. We reverse and remand.
1. Dismissal of Claims Against Roberts, Acker, Richards, Sziebert, and McClung
Our rule is established that “in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.” Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quotation omitted). This rule is “particularly important for the pro se litigant.” Id. at 1131 (quotation omitted). Here, the district court did not analyze whether amendment of McGar/s claims would be futile. Defendants concede that remand is necessary to allow McGary to amend his claims regarding alleged abusive behavior by his escort team and the alleged failure to protect him from other detainees. We decline to consider, in the first instance, the futility of amending the remaining dismissed claims, and instead we remand so that the district court may consider whether amendment should be allowed.
We observe that some aspects of McGary’s claims are almost certainly futile. For example, state employees are not liable for damages in their official capacities. See Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992). However, Defendants have not established on appeal that McGary could assert no conceivable facts to support claims against Defendants in their personal capacities or for injunctive relief. See id. at 472-73.
2. Summary Judgment Regarding Defendants Gregorich and Barnes
Before entering a summary judgment, the district court must ensure that *511 the pro se prisoner litigant has received notice that is “phrased in ordinary, understandable language calculated to apprise an unsophisticated prisoner of his or her rights and obligations under Rule 56.” Rand v. Rowland, 154 F.3d 952, 960 (9th Cir.1998) (en banc). This rule is somewhat burdensome on the district court, but has been fashioned to ensure clear communication between the district court and a pro se litigant. Here, it does not appear from the record that any such notice was given to McGary before the district court granted Defendants’ summary judgment motion, nor did the district court offer any explanation why our rule applying to pro se prisoner litigants should not be applied to a pro se civilly committed individual.
Also, it is customary and helpful for a district court to address pending discovery requests before granting a summary judgment. In Garrett v. City & County of San Francisco, 818 F.2d 1515 (9th Cir.1987), we held that a pending discovery request triggered Federal Rule of Civil Procedure 56(f), id. at 1518, and that “[i]t was error for the trial court to have granted defendants’ motion for summary judgment without first having determined the merits of plaintiffs pending discovery motion,” id. at 1519. Here, the district court did not address McGary’s pending discovery requests before granting summary judgment.
We conclude that the district court granted summary judgment prematurely as to defendants Gregorich and Barnes, and we remand so that the district court may give McGary proper notice regarding Rule 56 and rule on McGary’s pending discovery requests.
Prosecutor Gregorich may be immune from suit, as the district court reasoned, because of prosecutorial immunity. However, McGary argues under Kalina v. Fletcher, 522 U.S. 118, 129-30, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), that Grego-rich is not protected by prosecutorial immunity because he offered false testimony to the district court in the petition initiating McGary’s civil commitment proceeding. Under Kalina, McGary argues that such testimony might fall outside the scope of Gregorich’s prosecutorial function and may therefore not enjoy prosecutorial immunity. See id. We note that Washington Revised Code § 71.09.030 provides for the filing of a commitment petition by the prosecutor, which may imply that the filing of the petition is within the prosecutorial role and a predicate for immunity. But the commitment petition in question is not in the record. Therefore, after engaging in summary judgment procedures, the district court may consider the relevant petition and any other testimony by the prosecutor to determine whether Gregorich is immune in this case. Once more we decline to address the dispositive issue in the first instance and will defer our assessment until the district court has addressed the Kalina issue and assessed any factual matters that are pertinent.
3. Claims barred by Heck v. Humphrey
The parties have agreed that the claims dismissed under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), should have been dismissed explicitly without prejudice. On remand, the district court should so indicate.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. McGary does not appeal the dismissal of claims against Judge Culpepper.