**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLAN KENNETH MORGAL, | No. 09-17313 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00670-MHM |
| v. | |
| MARICOPA COUNTY BOARD OF SUPERVISORS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Allan Kenneth Morgal, an Arizona state prisoner, appeals pro se from the

district court's summary judgment for defendants on his claim alleging deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs because of a custom or policy of denying adequate medical care at the Maricopa County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). We review de novo a district court's failure to consider a nonmoving party's pending motion requesting discovery to oppose summary judgment. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1178 (9th Cir. 2006). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment for Arpaio and Tate because Morgal failed to present evidence creating a genuine dispute of material fact as to whether either defendant was causally linked to his injuries. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

When the district court granted summary judgment for the Maricopa County Board of Supervisors ("Supervisors"), however, Morgal had under submission five requests that the district court order the Supervisors to produce a specified official report purporting to identify specific systemic problems with healthcare services at

the Maricopa County Jail.[1]  The district court never ruled on these submissions but granted summary judgment on the ground that Morgal had presented no evidence of a pervasive County policy of denying adequate medical care.  Pending discovery motions by a party opposing summary judgment must be resolved before summary judgment is granted so long as the nonmoving party has diligently pursued discovery and the evidence sought could create a triable dispute.  *See Clark*, 460 F.3d at 1178-79 (reversing summary judgment granted while nonmoving parties' discovery motion was pending; "In such circumstances, the district court was required to determine the merits of the [nonmoving parties'] pending discovery motion before ruling on the summary judgment motions."); *see also Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) (same). Accordingly, we vacate and remand for further proceedings, including, if applicable, resolution of any discovery request by either party relating to the NCCHC report.

---

[1]On appeal, Morgal has submitted a copy of a document dated February 24, 2006 entitled "Revised Accreditation Report on the Health Care Services at Maricopa County Sheriffs Office-Detention Bureau" and naming the National Commission on Correctional Health Care as the author.  We supplement the record to include this document only for the limited purpose of identifying it as the subject of Morgal's discovery submissions to the district court, i.e., "the NCCHC report." *See* Fed. R. App. P. 10(e)(2) (permitting the court of appeals to correct or modify the record).

We deny the request in Morgal's reply brief for appointment of counsel.

Appellees shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**