**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUDITH MOORE, WALTER W. MOORE, | No. 12-56459 |
| Plaintiffs - Appellants, | D.C. No. 2:11-CV-01891-DMG (AJW) |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 8, 2013
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and CHEN, District Judge.[**]

Plaintiffs-appellants Judith Moore and Walter W. Moore, husband and wife,

appeal the district court's orders denying their motions for partial summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward M. Chen, United States District Court for the Northern District of California, sitting by designation.

judgment and granting defendant-appellee Safeco Insurance Company of America's motions for partial summary judgment. The Moores had a homeowners insurance policy with Safeco. They submitted a claim to Safeco after discovering a fungus (later determined to be poria) in their home. Safeco paid the Moores a total of $18,702.67 for the claim. The Moores take the position that Safeco should have paid up to the full policy limits for their fungus-related repairs. They filed suit against Safeco for breach of contract, promissory estoppel, unfair competition, bad faith, and declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

[1] Post-hearing, the Moores submitted a letter in which they, *inter alia*, provide new evidence that was not part of the appellate record. We agree with Safeco that the letter and accompanying new evidence should be stricken from the record. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) (noting that Federal Rule of Appellate Procedure 28(j) "permits a party to bring new *authorities* to the attention of the court; it is not designed to bring new evidence through the back door"). We also note that the Moores' attempt to justify the new evidence is not well supported. The Moores assert that Safeco claimed before the district court that it has *always* covered

(continued...)

2

First, the district court did not abuse its discretion in denying the Moores' initial motion for partial summary judgment on Safeco's fifth affirmative defense pending the completion of reasonable discovery pursuant to Federal Rule of Civil Procedure 56(d). *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003) (noting that "[w]here . . . a summary judgment motion is filed . . . before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely"); *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

Second, the district court properly denied the Moores' motion for partial summary judgment and granted Safeco's motion for partial summary judgment on the breach-of-contract claim. As of 1999, the insurance policy contained a clear and conspicuous provision under which fungi-related loss or costs were completely excluded. *Cf. Thompson v. Occidental Life Ins. Co.*, 513 P.2d 353, 364 (Cal. 1973)

---

[1](...continued)
fungi-related loss or costs. ER 156 (hearing). But the transcript reflects that Safeco's counsel made that statement about coverage for fungi-related loss or costs with respect to how the policy existed *from 2002 and on*. Finally, we note that, even if we were to consider the new evidence submitted by the Moores, it would not affect the disposition of this case. Even if Safeco had in the past paid on some claims for mold-related loss or costs in spite of a mold exclusion, that does not change the clear and unambiguous limit on payment to losses related to fungi under the Moores' policy.

3

(stating that "[p]rovisions which purport to exclude coverage or substantially limit liability must be set forth in plain, clear and conspicuous language").  Then in 2002, the policy was modified with a clear and conspicuous provision providing an exception to the exclusion of fungi-related loss or costs — *i.e.*, if there was a covered loss under the policy, then the insured would be paid up to $10,000 for fungi-related loss or costs.  Rather than imposing a *reduction* in coverage as the Moores contend, the 2002 policy (and subsequent policies) *added* coverage previously excluded.  The Moores were given clear and adequate notice of the $10,000 limitation.

While the Moores argue that the provision added in 2002 is ambiguous because of Safeco's course of performance after entering into the contract, the interpretation they offer (that fungi-related losses were not subject to a sublimit of $10,000) is not an interpretation to which the language of the policy is reasonably susceptible.  *See Employers Reins. Co. v. Superior Court*, 74 Cal. Rptr. 3d 733, 744 (Cal. Ct. App. 2008) (noting that extrinsic evidence such as "course of performance" evidence can be offered "to expose a latent ambiguity" in a contract term but only "when relevant to prove a meaning to which the language of the instrument is reasonably susceptible") (internal citation and quotation marks omitted).

4

Third, the district court properly denied the Moores' motion for partial summary judgment and granted Safeco's motion for partial summary judgment on the promissory estoppel claim. As the district court noted, for a promissory estoppel claim to be viable, there must be a clear and unambiguous promise. *See CalFarm Ins. Co. v. Krusiewicz*, 31 Cal. Rptr. 3d 619, 627 (Cal. Ct. App. 2005). Neither the declarations page nor the e-mails cited by the Moores contain a clear and unambiguous promise that the cost of fungi-related repairs would be covered in excess of the $10,000 limit. For example, as the district court explained in its opinion, Safeco's e-mail of January 14 could be interpreted in multiple ways – including as a statement that the $8,702.67 payment was for water damage (the covered loss) which would then "kick in" the $10,000 payment for fungi-related loss or costs. Furthermore, promissory estoppel requires reasonable reliance. *See Aceves v. U.S. Bank, N.A.*, 120 Cal. Rptr. 3d 507, 514 (Cal. Ct. App. 2011). Here, there could be no such reliance in light of Safeco's repeated disclosure to the Moores of the express terms of the policy regarding fungi (*i.e.*, both the exclusion and the exception to the exclusion) and the unambiguous nature of the provision limiting coverage for fungi-related loss or costs.

Fourth, the district court's denial of the Moores' motion for partial summary judgment and grant of Safeco's motion for partial summary judgment on the unfair

5

competition claim was appropriate. The Moores' arguments underlying the unfair competition claim are largely a rehash of their contention that they were not given adequate notice of the $10,000 limit for fungi-related loss or costs. For the reasons stated above, that contention has no merit. The Moores' assertion that Safeco engaged in unfair competition by violating California Insurance Code § 10101-03 is also without merit. Contrary to what the Moores argue, those statutes did not require Safeco to put the $10,000 limit on the declarations page for the policy. California Insurance Code § 10101 simply provides that an insured must be given a copy of the California Residential Property Insurance disclosure statement "as contained in Section 10102." Section 10102 in turn discusses the contents and format of the disclosure statement. *See* CAL. INS. CODE § 10102. Section 10103 provides in relevant part that "[n]o policy of residential property insurance may be issued or renewed in this state unless it provides the following information on the declarations page of the policy: (1) The limits of liability for the structure." CAL. INS. CODE § 10103(a)(1). The section does not on its face require an insurer to provide information on sublimits or coverage limitations.

Fifth, the district court correctly granted Safeco's motion for partial summary judgment on the claim for bad faith. No reasonable jury could find that Safeco unreasonably denied payment for all fungi-related repairs. As noted above,

6

the $10,000 limit on fungi-related loss or costs was clear and unambiguous. To the extent the Moores maintain that Safeco unreasonably delayed the payment of benefits (*i.e.*, the more than $18,000 that was paid), again, no reasonable jury could find such delay based on the evidence of record. For example, under the policy, fungi-related loss or costs were excluded unless there was a covered loss in the first place, and nothing in the record suggests that Safeco was not diligent in trying to find a covered loss (*i.e.*, a water source that was not excluded under the policy). Safeco had an employee inspect the house and even hired two companies (ServPro and American Leak Detection) to try to pinpoint the source of water. In addition, Safeco took into account the conclusions of the Moores' plumber regarding the source of the water when it issued its initial letter denying the Moores' claim. It was not unreasonable for Safeco to conclude, in its denial letter, that the uncapped roof pipe suggested that there was water accumulation over time, which would mean exclusion rather than coverage. Furthermore, when the Moores asked Safeco to reconsider the denial, it did.

Finally, the district court did not err in granting Safeco's motion for partial summary judgment on the claim for declaratory relief. As the district court determined, the Moores lacked standing to pursue the claim or the claim was not ripe because there was no evidence that the poria in the Moores' house had spread

to any of their neighbors' homes. *See Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989) (stating declaratory relief is appropriate "[w]here there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged").

Accordingly, the district court's summary judgment rulings as to the foregoing claims are AFFIRMED.