**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY FABRICANT, | No. 21-16345 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00029-JCH |
| v. | |
| A. MIRANDA, individually and in his/her official capacity as Unit C-2 Case Manager; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Submitted May 17, 2022[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Danny Fabricant appeals pro se from the district court's

summary judgment for failure to exhaust administrative remedies in his action

brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Narcotics*, 403 U.S. 388 (1971), alleging an Eighth Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Quintero Perez v. United States*, 8 F.4th 1095, 1104 (9th Cir. 2021), and we affirm.

The district court properly granted summary judgment because Fabricant failed to exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (setting forth exhaustion framework under the Prison Litigation Reform Act ("PLRA")); *see also Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (describing limited circumstances in which administrative remedies are unavailable); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (requiring PLRA exhaustion for federal prisoners' *Bivens* actions).

The district court did not abuse its discretion by partially granting Fabricant's requests for extensions of time to respond to defendants' motion for summary judgment. *See FTC v. Gill*, 265 F.3d 944, 954-55, 957 (9th Cir. 2001) (setting forth standard of review and explaining a district court has broad discretion to control its docket). We do not consider Fabricant's contention that the district court erred by failing to provide him a copy of his own filing in light of his acknowledged receipt of the document as part of this appeal.

The district court did not abuse its discretion by denying Fabricant's motion

21-16345

for discovery because Fabricant did not show that the sought-after facts were essential to his opposition. *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) (setting forth standard of review).

**AFFIRMED.**