**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORA PHILLIPS; et al.,

    Plaintiffs-Appellants,

 v.

U.S. CUSTOMS AND BORDER
PROTECTION; et al.,

    Defendants-Appellees.

No. 21-55768

D.C. No.
2:19-cv-06338-SVW-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 9, 2023
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Three plaintiffs, Nora Phillips, Erika Pinheiro, and Nathaniel Dennison (collectively, plaintiffs), challenge the district court's denial of their requests for additional discovery. We have jurisdiction, *see* 28 U.S.C. § 1291, and we affirm.[1]

We reject plaintiffs' argument that the district court erred by granting the government's "motion for summary judgment without first having determined the merits of plaintiff[s'] pending discovery motion." *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). The record establishes that the district court denied plaintiffs' request for additional discovery regarding a pending internal government investigation before the court granted summary judgment in favor of the government.

The district court did not abuse its discretion in denying plaintiffs' requests for additional discovery. The district court granted summary judgment on plaintiffs' constitutional claims for failure to establish standing to seek expungement or injunctive relief, and plaintiffs failed to identify and explain how additional discovery would provide them with evidence that "would have precluded" the district court from granting summary judgment on that basis. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

---

[1] We affirm the district court's grant of summary judgment to the government because plaintiffs failed to establish Article III standing in an opinion filed contemporaneously with this disposition. --F. 4th-- (9th Cir. 2023).

With respect to standing to seek expungement, plaintiffs conceded to the district court that they did not anticipate needing any additional discovery to support their claim, a position that is consistent with plaintiffs' theory on appeal that the government's retention of records, without more, establishes standing. As to other prospective injunctive relief, plaintiffs failed to identify how the government's alleged surveillance posed an ongoing or imminent future threat to them, and therefore they could not explain how additional discovery would have precluded the district court's grant of summary judgment on standing grounds. Thus, the district court did not abuse its discretion in determining that the additional requested discovery was not "essential" to establish standing to seek the injunction. *See id.* Even assuming the additional discovery would have strengthened the merits of plaintiffs' constitutional claims, it "would not have shed light" on Article III standing, which is the issue on which the summary judgment decision was based. *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Finally, the district court provided its reasoning for denying additional discovery by identifying the correct standard and finding that it was not satisfied. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677–79 (9th Cir. 2018).

**AFFIRMED.**