**Roy Junior MARKS, Plaintiff—
Appellant,**

v.

**Terry STEWART, Director;  et al.,
Defendants—Appellees.**

**No. 02–15350.
D.C. No. CV–97–01656–EHC(VAM).**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Roy Junior Marks appeals the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by denying him parole eligibility, job placement and access to the courts and by interfering with his legal mail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's dismissal under 28 U.S.C. § 1915A dismissal and its summary judgment, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed Marks' claims against the state court judges, prosecutors and members of the Board of Executive Clemency because those defendants are immune from liability. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983); *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir.1981) (concluding that members of parole board are entitled to absolute quasi-judicial immunity for performance of their duties). Moreover, Marks' claims against the public defender were properly dis-

missed because public defenders are private individuals for purposes of section 1983 and therefore do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions).

The district court correctly granted summary judgment to defendants on Marks' claim that he was improperly denied prison employment because prisoners do not have a right to a job while in prison. *See Vignolo v. Miller*, 120 F.3d 1075 (9th Cir.1997). Additionally, Marks did not establish an equal protection claim because he failed to controvert defendants' evidence that he did not meet the employment requirements because he failed to take and pass a literacy test.

Further, Marks' conclusory allegations that prison officials interfered with his mail failed to show either that the named defendants were personally involved in the handling and distribution of his mail or that he suffered any actual injury as a result of prison officials' alleged interference with his prison mail. *See Lewis v. Casey*, 518 U.S. 343, 351, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring prisoners to show actual injury in civil rights cases to establish denial of access to courts claim); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of defendants' personal participation in alleged constitutional violation).

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court did not abuse its discretion by denying Marks' motion for an order compelling further discovery because Marks did not specify how the requested information would preclude summary judgment. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (1987).

All pending motions are denied.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument and denies Hampton's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.