**BIO–MEDICAL RESEARCH LTD., a corporation; BMR Neurotech, Inc., a corporation, Plaintiffs–Appellants,**

v.

**THANE INTERNATIONAL, INC.; Thane Direct, Inc., a Delaware corporation; William I. Hay; Denise Dubarry–Hay; Susan Leslie; Time Prophets, Inc., a California corpora-**

tion; Leann Johnson; Bismarck Labs Corporation, a California corporation; Hudson Berkley Corporation; Matthias Granic; Smart Inventions Inc., a California corporation; Bernd Ebert, an individual; TV Products Fulfillment Inc., a California corporation aka TV Product Fulfillment Inc.; Jon Nokes, Chief Executive Officer; Hudson Berkley Corporation, Defendants–Appellees.

Bio–Medical Research Ltd., a corporation; BMR Neurotech, Inc., a corporation, Plaintiffs–Appellants,

v.

Thane International, Inc.; Thane Direct, Inc., a Delaware corporation; William I. Hay; Denise Dubarry–Hay; Susan Leslie; Time Prophets, Inc., A California corporation; Leann Johnson; Bismarck Labs Corporation, a California corporation; Hudson Berkley Corporation; Matthias Granic; Smart Inventions Inc., A California corporation; Bernd Ebert, an individual; TV Products Fulfillment Inc., a California corporation aka TV Product Fulfillment Inc.; Jon Nokes, Chief Executive Officer; Smart Living, Inc., Defendants–Appellees.

Nos. 02–56997, 03–56223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Sept. 27, 2007.

Robert A. Dormer, Esq., John R. Fleder, Hyman, Phelps & McNamara, Washington, DC, Thomas V. Reichert, Esq., Bird Marella, et al., PC, Los Angeles, CA, Brian J. Donato, Hyman, Phelps & McNamara, Irvine, CA, for Plaintiffs–Appellants.

Stephen R. Mick, Esq., Jonathan Gottlieb, Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA, Lawrence B. Steinberg, Esq., Hall Dickler Kent Goldstein & Wood, Beverly Hills, CA, Jesse Z. Weiss, Akin Gump Strauss Hauer & Feld, LLP, Dallas, TX, for Defendants–Appellees.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON *, Chief District Judge.

\* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court granted defendants' alternative motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for summary judgment. Because "matters outside the pleadings [were] presented to and not

## MEMORANDUM \*\*

■ The district court granted defendants' summary judgment motion on the ground that plaintiffs lacked competitor standing under the Lanham Act and substantially congruent state laws.[1] In doing so, the district court implicitly denied plaintiffs' request for further discovery under Fed. R. Civ. P. 56(f). *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998) (district court may implicitly deny a Rule 56(f) motion). Generally, a district court errs in denying such a request "if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994). "Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

The district court's ruling appears to be based on the ground that plaintiffs had "adduced no evidence that they endeavor to perform the same functions" as the defendants.[2] The plaintiffs here filed a timely response to the defendants' motion for summary judgment. In that response, plaintiffs requested further discovery and identified the specific information they sought that would preclude summary judgment. Specifically, plaintiffs sought

excluded by the court," we consider the district court's ruling to be the grant of a motion for summary judgment. Fed. R. Civ. P. 12(c).

2. To the extent the district court granted the summary judgment motion on the alternate ground that plaintiffs had "not adduced any evidence that they sell any competitive product in the United States," the court erred, because there is undisputed evidence that BMR Neurotech sold the Flex in the United States.

depositions of the defendants' witnesses to determine "the specific 'things' each defendant did in distributing and selling the AbTronic." Such information was crucial to establish that plaintiffs and defendants did, in fact, "endeavor to perform the same functions" for purposes of establishing competitor standing.[3] These requests for depositions were outstanding at the time the district court granted summary judgment. Thus, "[i]t was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir.1987). In light of this error, we reverse the district court's implicit Rule 56(f) ruling.

Because we conclude that the district court should not have granted summary judgment without allowing the plaintiffs to conduct further discovery, we vacate the court's order granting defendants' summary judgment motion.

■ The district court did not err in dismissing plaintiffs' causes of action for interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage pursuant to Fed. R. Civ. Proc. 12(b)(6). In their complaint, plaintiffs allege that defendants interfered with the "relationship between Plaintiffs and potential consumers." The tort of interference with prospective economic advantage does not, however, protect mere "potential" relationships—which are "at most a hope for an economic relationship and a desire for a future benefit." *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 527, 49 Cal.

Rptr.2d 793. One of the elements of the tort of interference with prospective economic advantage is "an existing relationship with an identifiable buyer." *Id.* Because plaintiffs do not identify any such existing economic relationship that has been disrupted, they fail to state a claim for either interference with prospective economic advantage or conspiracy to interfere with prospective economic advantage.

Because we reverse the district court in part, we vacate and remand the grant of attorneys' fees to defendants.

**REVERSED IN PART; AFFIRMED IN PART; VACATED IN PART AND REMANDED.**

---

**3.** On this incomplete record, we do not reach the issue whether the district court was correct in ruling that plaintiffs must endeavor to do the same things as the defendants in order to establish competitor standing under the

Lanham Act and substantially congruent state law.

