**Darnell Otis MCGARY, Plaintiff— Appellant,**

v.

**Judge Ronald CULPEPPER; Henry Richards; Victoria Roberts; Kim Acker; Stephen Gregorich; Mark McClung; Leslie Sziebert; Keith Barnes, Defendants—Appellees.**

No. 06–35772.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed April 15, 2009.

510

Tyler Alexander Baker, Esquire, Henry Zazueta Carbajal, III, Todd Richard Gregorian, Fenwick & West LLP, Mountain View, CA, for Plaintiff–Appellant.

Ronald Williams, Pierce County Prosecuting Attorney's Office, Tacoma, WA, Donna J. Hamilton, Esquire, Assistant Attorney General, William M. Van Hook, Esquire, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM *

Darnell McGary ("McGary") appeals the dismissal, without leave to amend, of his 42 U.S.C. § 1983 claims against Defendants Roberts, Acker, Richards, Sziebert, and McClung.[1] He also appeals the grant of summary judgment for Defendants Gregorich and Barnes. We reverse and remand.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

### 1. Dismissal of Claims Against Roberts, Acker, Richards, Sziebert, and McClung

Our rule is established that "in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quotation omitted). This rule is "particularly important for the pro se litigant." *Id.* at 1131 (quotation omitted). Here, the district court did not analyze whether amendment of McGary's claims would be futile. Defendants concede that remand is necessary to allow McGary to amend his claims regarding alleged abusive behavior by his escort team and the alleged failure to protect him from other detainees. We decline to consider, in the first instance, the futility of amending the remaining dismissed claims, and instead we remand so that the district court may consider whether amendment should be allowed.

We observe that some aspects of McGary's claims are almost certainly futile. For example, state employees are not liable for damages in their official capacities. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir.1992). However, Defendants have not established on appeal that McGary could assert no conceivable facts to support claims against Defendants in their personal capacities or for injunctive relief. *See id.* at 472–73.

### 2. Summary Judgment Regarding Defendants Gregorich and Barnes

 Before entering a summary judgment, the district court must ensure that

1. McGary does not appeal the dismissal of claims against Judge Culpepper.

the *pro se* prisoner litigant has received notice that is "phrased in ordinary, understandable language calculated to apprise an unsophisticated prisoner of his or her rights and obligations under Rule 56." *Rand v. Rowland,* 154 F.3d 952, 960 (9th Cir.1998) (en banc). This rule is somewhat burdensome on the district court, but has been fashioned to ensure clear communication between the district court and a *pro se* litigant. Here, it does not appear from the record that any such notice was given to McGary before the district court granted Defendants' summary judgment motion, nor did the district court offer any explanation why our rule applying to *pro se* prisoner litigants should not be applied to a *pro se* civilly committed individual.

■ Also, it is customary and helpful for a district court to address pending discovery requests before granting a summary judgment. In *Garrett v. City & County of San Francisco,* 818 F.2d 1515 (9th Cir. 1987), we held that a pending discovery request triggered Federal Rule of Civil Procedure 56(f), *id.* at 1518, and that "[i]t was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion," *id.* at 1519. Here, the district court did not address McGary's pending discovery requests before granting summary judgment.

We conclude that the district court granted summary judgment prematurely as to defendants Gregorich and Barnes, and we remand so that the district court may give McGary proper notice regarding Rule 56 and rule on McGary's pending discovery requests.

Prosecutor Gregorich may be immune from suit, as the district court reasoned, because of prosecutorial immunity. However, McGary argues under *Kalina v. Fletcher,* 522 U.S. 118, 129–30, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), that Grego-

rich is not protected by prosecutorial immunity because he offered false testimony to the district court in the petition initiating McGary's civil commitment proceeding. Under *Kalina,* McGary argues that such testimony might fall outside the scope of Gregorich's prosecutorial function and may therefore not enjoy prosecutorial immunity. *See id.* We note that Washington Revised Code § 71.09.030 provides for the filing of a commitment petition by the prosecutor, which may imply that the filing of the petition is within the prosecutorial role and a predicate for immunity. But the commitment petition in question is not in the record. Therefore, after engaging in summary judgment procedures, the district court may consider the relevant petition and any other testimony by the prosecutor to determine whether Gregorich is immune in this case. Once more we decline to address the dispositive issue in the first instance and will defer our assessment until the district court has addressed the Kalina issue and assessed any factual matters that are pertinent.

### 3. Claims barred by *Heck v. Humphrey*

The parties have agreed that the claims dismissed under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), should have been dismissed explicitly without prejudice. On remand, the district court should so indicate.

**REVERSED AND REMANDED.**