**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARL A. HOBBS, an individual, | No. 10-56302 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06889-PA-FFM |
| v. | |
| CITY OF LONG BEACH, a Municipality; GARY BURROUGHS, an Individual; JAMES CLINTON SQUIRES, an Individual, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: GRABER, FISHER and RAWLINSON, Circuit Judges.

Earl Hobbs appeals the district court's entry of summary judgment in favor

of the defendants on his 42 U.S.C. § 1983 malicious prosecution claim against the

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

City of Long Beach, City Auditor Gary Burroughs and Assistant City Auditor James Squires. We affirm.

1. To prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, that they did so for the purpose of denying him equal protection or another specific constitutional right and that the prior proceedings terminated in such a manner as to indicate his innocence. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066, 1068 (9th Cir. 2004). Here, Hobbs failed to establish a triable issue on at least two of those elements – probable cause and favorable termination.

*Probable Cause.* A grand jury indictment is prima facie evidence of probable cause. *See* 5 B.E. Witkin, Summary of California Law, *Torts* § 483 (10th ed. 2005); Restatement (Second) of Torts § 664(2) (1977). Here, a grand jury indicted Hobbs on a charge of embezzlement by a public officer, so we presume that he was prosecuted on probable cause. "Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Awabdy*, 368 F.3d at 1067; *see also* Restatement (Second) of Torts § 663 cmt. h.

2

To rebut the prima facie presumption of probable cause here, Hobbs argues that Squires and Burroughs supplied false information to the prosecutor and the grand jury regarding the confidentiality and value of the documents he appropriated. On the evidence Hobbs has produced, however, no reasonable jury could find that Squires or Burroughs committed fraud, fabricated evidence or otherwise engaged in wrongful conduct undertaken in bad faith.

Moreover, the existence of probable cause is confirmed by the California Court of Appeal's decision in *Hobbs I*, as Hobbs' counsel largely conceded, except as to the issue of value of the documents. In *Hobbs I*, the parties fully and fairly litigated the issue of probable cause, resulting in the court of appeal's holding that "the evidence before the grand jury was sufficient to support a charge of embezzlement by a public officer." *People v. Hobbs*, 2005 WL 1744957, at \*5 (Cal. Ct. App. 2005). Again, Hobbs has presented no evidence from which a reasonable jury could conclude that the court of appeal's decision hinged on fabricated evidence or other wrongful conduct. *See Awabdy*, 368 F.3d at 1068.

Hobbs' argument that probable cause was lacking on the value of the documents is without merit. Even assuming that the documents might at some point have been subject to disclosure under the Public Records Act, they were confidential when Hobbs appropriated them. Their value at that time indisputably

3

exceeded $400, whether measured by the resources the city expended to obtain them, the value to the city of the right to their exclusive use or their value to Hobbs, who used them in a private effort to obtain millions of dollars in attorney's fees.

*Favorable Termination.* A prosecution ends favorably when it "tends to indicate the innocence of the accused." *Jaffe v. Stone*, 114 P.2d 335, 338 (Cal. 1941). "When the proceeding terminates other than on the merits, the court must examine the reasons for termination to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed." *Sierra Club Found. v. Graham*, 85 Cal. Rptr. 2d 726, 734 (Ct. App. 1999).

Here, Hobbs has failed to establish a triable issue of favorable termination, regardless of whether termination of the prosecution is viewed as the California Court of Appeal's decision in *Hobbs II* or as the prosecutor's decision not to re-try Hobbs. First, *Hobbs II* did not, as Hobbs argues, determine his innocence or hold that there was insufficient evidence to support a conviction. *Hobbs II* simply reversed Hobbs' conviction for instructional error, leaving Hobbs' guilt or innocence to be determined on remand. *See People v. Hobbs*, 2008 WL 570796 (Cal. Ct. App. 2008). Second, no reasonable jury could find that the prosecutor, in choosing not to re-try Hobbs, believed that Hobbs was innocent or could not be

4

convicted. There was, at minimum, "a residue of doubt" about Hobbs' innocence. *Sierra Club Found.*, 85 Cal. Rptr. 2d at 734.

2.     The district court properly granted summary judgment on Hobbs' claims against the city. A local government may be held liable under § 1983 when (1) implementation of its official policies or established customs inflicts the constitutional injury or (2) the individual who committed the constitutional tort was an official with final policymaking authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010). Neither theory applies here. First, although Hobbs contends the city is liable because of its alleged history of retaliation against whistleblowers, he has presented no evidence that such a policy existed. Second, even assuming that Burroughs was a policymaking official, the city is not liable for Burroughs' actions because, as explained above, Burroughs did not violate Hobbs' constitutional rights.

3.     Finally, the district court did not abuse its discretion by denying Hobbs' motion under former Federal Rule of Civil Procedure 56(f). *See Garrett v. City of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

**AFFIRMED.**

5