NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACEO MELTON, | No. 16-35303 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00209-RRB |
| v. | |
| ALASKA CAREER COLLEGE, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 13, 2018[**]
Anchorage Old Federal Building, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Appellant Maceo Melton ("Melton") sued the Alaska Career College

("ACC"), a private institution, and its owners, Jennifer and Don Deitz ("the

Deitzes") in Alaska state court. Melton was a student in the ACC's Therapeutic

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Massage Program.  Melton alleged a variety of state and federal law claims.  The ACC and the Deitzes (collectively "defendants") removed the case to federal court on the basis of federal question jurisdiction, and eventually moved for summary judgment.  Construing Melton's request for a continuance to respond to the summary judgment motion as well as additional discovery as a motion to compel the defendants to provide discovery, the district court denied it.  The district court subsequently granted summary judgment for the defendants in the entirety.  Melton timely appeals the district court's denial of his motion to compel the defendants to provide discovery and its decision to address the state law claims after it dismissed the federal law claims.  Melton has not addressed the merits of the district court's grant of summary judgment in his opening brief, and therefore has waived any such arguments.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that this Court "will not consider any claims that were not actually argued in appellant's opening brief.").  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing the district court's refusal to permit further discovery and its decision to exercise jurisdiction over the supplemental state law claims after dismissing the federal law claims for abuse of discretion, *see Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987), *Costanich v. Dep't of Soc. &*

2

*Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010), we affirm.[1]

1. The party desiring additional discovery must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). A movant's failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (internal quotation marks omitted). Melton's assertions in his affidavit did not suggest—let alone state with specificity—what facts he wished to elicit through the additional discovery and why he needed more time. He did not state whether these facts existed. Melton also did not state whether or how these facts were essential for his ability to oppose summary judgment. By this time, Melton had had more than a year to conduct discovery. Consequently, Melton has not shown that the district court abused its discretion when it denied his motion to compel additional discovery.

2. The supplemental (or pendent) jurisdiction statute, 28 U.S.C. § 1367(a), is one "of flexibility, designed to allow courts to deal with cases involving pendent

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

claims in the manner that most sensibly accommodates a range of concerns and values" such as "economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 353 (1988). A district court's supplemental jurisdiction allows it to exercise jurisdiction over the state law claims arising from a common nucleus of operative fact as the federal law claims even after the court has dismissed the latter claims. *Id.* at 350 n.7. The district court did not err when it retained jurisdiction because it was more efficient for the district court to resolve the state law claims itself than to remand them to a state court and because the duplication of effort would have been needless and unreasonable. As a result, it would have been uneconomical, inconvenient, and unnecessary to remand the state law claims to the Alaska courts. *Id.* at 353.

As Melton did not address the merits of his state law claims under Alaska Statute ("AS") § 14.18.100(b) and the Alaska Human Rights Act ("AHRA"), AS § 18.80.220, in his opposition to the motion for summary judgment in the district court, he has forfeited these claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (*per curiam*). Moreover, Melton has waived his argument regarding AS § 18.80.230 because he failed to raise this argument below.

To the extent that he might not have forfeited any of those claims, we find the arguments raised in his opening brief unpersuasive. AS § 18.80.220, which prohibits "an employer" from discriminating against employees or applicants on

4

the basis of race or sex, does not apply to Melton's action because the ACC was his school, not his employer. *Era Aviation, Inc. v. Lindfors*, 17 P.3d 40, 43 (Alaska 2000). Furthermore, AS § 18.80.230 forbids places of "public accommodation" from denying services to a person on account of some prohibited characteristics such as race, sex, and religion, but the ACC is not a place of public accommodation. This is because: (1) the ACC does not serve the general public; and (2) the canon of *noscitur a sociis*—"a word is known by the company it keeps," *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 575 (1995)—demonstrates that the AHRA's list of public accommodations typically concerns commercial transactions for some tangible products or services pertaining to nourishment, amusement, transportation and other corporeal matters. In contrast, the ACC provides a service whose primary purpose is educational.

As Melton has not established that the district court abused its discretion in denying his motion to compel and exercising supplemental jurisdiction over the state law claims, the district court's judgment is **AFFIRMED.**